**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HENRY ROMAN,

     Plaintiff,

v.

DAMON G. TYNER,

     Defendant.

Civil Action
No. 20-20344 (RBK) (MJS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983.

For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's claims and

dismiss Plaintiff's request for immediate release without prejudice to the filing of an appropriate

petition.

## I.     BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of

this Opinion.  Plaintiff names Prosecutor Damon G. Tyner as a Defendant in this matter.  The

Court gleans that Plaintiff believes that he is entitled to release pending trial on unspecified state

charges. (ECF No. 1, at 4.)  According to Plaintiff, he received a public safety assessment that

recommended his release with conditions of weekly reporting. (*Id*.)  It appears that the state court

denied his release pending trial, after eleven months in custody, because Defendant opposed his

release and was "waiting for [an]] indictment." (*Id*.)

Plaintiff filed the instant Complaint in December of 2020.  The Court will construe the

Complaint as alleging that Defendant violated Plaintiff's speedy trial rights.  Plaintiff seeks his

immediate release and monetary damages.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678.  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.     DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, vaguely contending that Defendant's opposition to his release or his delay in indicting Plaintiff, violated Plaintiff's rights. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–

56 (3d. Cir. 1994)).   The Court will construe the Complaint as asserting that Defendant violated

Plaintiff's speedy trial rights under the Sixth Amendment.

Defendant, however, is a prosecutor, and prosecutors are entitled to absolute immunity in

§ 1983 actions for conduct "intimately associated with the judicial phase of the criminal process,"

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), which includes initiating judicial proceedings,

presenting evidence in support of a search warrant application, and training or supervising other

prosecutors. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).   This may also include

investigative functions to the extent that they relate to securing information necessary to determine

whether to initiate a criminal prosecution. *See Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d

Cir. 1979); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Additionally, the decision to prosecute is a prosecutorial activity that is subject to

absolute prosecutorial immunity. *Andros v. Gross*, 294 F. App'x 731, 733–34 (3d Cir. 2008).   This

immunity also extends to a prosecutor's delays in bringing a case to trial. *See Santos v. New Jersey*,

393 F. App'x 893, 895 (3d Cir. 2010) ("even if [the plaintiff] could show that the alleged delays

in his case were based on administrative rather than judicial considerations of the prosecutor, the

doctrine of absolute immunity would apply.");   *Psota v. Pub. Def.'s Off.*, No. 19-16377, 2019 WL

6487310, at *3 (D.N.J. Dec. 3, 2019).

Here, although Plaintiff's allegations regarding his "speedy trial claim are unclear . . . the

doctrine of absolute immunity would apply." *Santos v. New Jersey*, 393 F. App'x 893, 894 (3d

Cir. 2010) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).   As a result, even if

Defendant's opposition to release or his delay in indicting Plaintiff somehow violated Plaintiff's

speedy trial rights, Defendant is entitled to absolute prosecutorial immunity for those actions.

Finally, to the extent Plaintiff seeks his immediate release, "such remedies are not available in a § 1983 suit." *See, e.g.*, *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016).   When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   Accordingly, as Plaintiff can only pursue his request for release through a federal habeas petition, the Court will dismiss that request without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims and dismiss Plaintiff's request for immediate release without prejudice to the filing of an appropriate petition.   An appropriate Order follows.


Dated: April  16,  2021                                    s/Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge